

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00117-CR

_____

TIMOTHY ANDREW HORNSBY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Fourth Judicial District Court
Rusk County, Texas
Trial Court No. CR09-271

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Timothy Andrew Hornsby appeals his conviction for possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than 200 grams. Hornsby signed a stipulation of the evidence, a waiver of his right to a jury trial, and written admonishments. Hornsby pled guilty before the court without a negotiated plea agreement.[1] The trial court found Hornsby guilty and sentenced him to ten years' imprisonment. Hornsby's issue on appeal is a request that we reform the judgment to be consistent with the trial court's oral pronouncement. The State filed a letter with this Court declining to file a brief and commenting that the State did not oppose an order that the defendant receive "drug treatment."

At the sentencing hearing, the following colloquy occurred:

[Defense Counsel]: Now, you have a lot of health problems.

[Hornsby]: Yes, sir.

. . . .

[Hornsby]: I have COPD real bad. You know, I have a hard time breathing. I'll have to take breathing treatments several days. I have a bad back, a bad left knee, and bad right ankle.

[Defense Counsel]: Are you on disability?

---

[1] We note that the trial court's certification of Hornsby's right to appeal specifies that Hornsby pled guilty pursuant to a plea bargain, but the trial court had granted permission to appeal. The judgment and the reporter's record, however, establish that Hornsby pled guilty without a negotiated plea agreement. During the plea hearing, Hornsby replied, "Yes, sir," when the trial court inquired, "Do you understand, and it is my understanding, that there's no plea bargain agreement in place; is that correct?" There is no evidence in the record that the State agreed to reduce the charges in exchange for Hornsby's plea of guilty.

[Hornsby]:   Yes, sir.
[Defense Counsel]:   And you were selling drugs out of your house?

[Hornsby]:   Yes, sir.

[Defense Counsel]:   Why were you doing that?

[Hornsby]:   To help supplement my income and all.

The trial court pronounced sentence as follows:

> THE COURT:   . . . Timothy Andrew Hornsby, defendant in Cause Number CR2009-271, the Court having found you guilty of the offense of possession of a controlled substance, a second degree felony, which the Court finds occurred on April 7, 2009, the Court having found you guilty of the same on that date in Rusk County, Texas, as alleged in the indictment, hereby assesses your sentence at ten years confinement in the Institutional Division of the Texas Department of Criminal Justice with credit for time served.   And I will order, if possible, because of any health problems that he be sentenced to the - - it's not SAFPF - - what is it? Medical Wing?
>
> . . . .
>
> THE COURT:        I'll find that he has health problems that significantly contribute[d] to the commission of the offense and order him to the health care wing, if possible.

The trial court's written judgment omits any reference to the "health care wing."

"A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002).   "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls."   *Thompson v. State*, 108 S.W.3d 287, 290 (Tex.

3

Crim. App. 2003). When the matter has been called to an appellate court's attention by any source, an appellate court has the authority to modify a judgment "to make the record speak the truth." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see* TEX. R. APP. P. 43.2(b).

We find no inconsistency between the trial court's oral and written pronouncement. We note the trial court stated that Hornsby should be placed in the health care wing of the Texas Department of Criminal Justice "if possible." We interpret that as a recommendation by the trial judge, but not an order attempting to require the Department to do so. There was no mention of "drug treatment" in the oral pronouncement.

Medical treatment is provided by the Texas Department of Criminal Justice to inmates as needed. It is the purview of the executive branch of government to determine if medical treatment is required and "whether treatment given is medically necessary." TEX. GOV'T CODE ANN. § 501.051(e) (West 2004); *see Hernandez v. State*, No. 03-07-00161-CR, 2008 Tex. App. LEXIS 5810 (Tex. App.—Austin Aug. 1, 2008, no pet.) (mem. op., not designated for publication) (boot camp recommendation subject to TDCJ-CID determination of eligibility for program). We decline to modify the judgment as requested.

We note that the judgment provides the "Statute for Offense: 418 HSC." We modify the judgment to reflect that the statute for the offense is Section 481.115(d) of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West 2010).

4

We modify the judgment as specified above and affirm the judgment as modified.


                                              Jack Carter
                                              Justice

Date Submitted:      October 21, 2011
Date Decided:        October 27, 2011

Do Not Publish